IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LEE SHAVERS, JR.,

      Plaintiff,                     No. CIV S-07-0123 LKK EFB P

    vs.

WARDEN, NEW FOLSOM PRISON, et al.,

      Defendants.          ORDER

                                   /

        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The case was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. Plaintiff attempts to state claim that

1

defendants interfered with his First Amendment right to access the courts.  Plaintiff alleges that he informed the prison litigation office that he needed to place or receive a phone call in order to join a class action lawsuit regarding defective medication that he had taken.  He claims that defendants did not approve his phone call on time and he missed the deadline.

To state a claim he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts.  *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996).  Plaintiff alleges that he was not able to join in a private lawsuit, and therefore cannot state a claim that the defendants interfered with his right to file a civil rights or habeas action.

Plaintiff next claims that he was denied a job in violation of the Equal Protection Clause of the Fourteenth Amendment because of his disciplinary history of alcohol-related Rules Violations Reports.  The United States Court of Appeal for the Ninth Circuit has ruled that prisoners do not have a constitutional right to employment.  *See McIntyre v. Bayer*, 72 Fed. Appx. 674, 674 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).  Plaintiff's allegation that he was denied a work position in the prison does not state a constitutionally-cognizable claim.

Plaintiff names the Warden of New Folsom as a defendant in this action but does not state sufficient charging allegations against him.  To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th

Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

To proceed, plaintiff must file an amended complaint. Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation)

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may

1  be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code
2  Regs. tit. 15, § 3005.

3       A prisoner may bring no § 1983 action until he has exhausted such administrative
4  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*
5  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an
6  amended complaint he certifies his claims are warranted by existing law, including the law that
7  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of
8  his action.

9       Accordingly, the court hereby orders that:

10       1. Plaintiff's request to proceed *in forma pauperis* is granted.

11       2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
12  accordance with the notice to the Director of the California Department of Corrections and
13  Rehabilitation filed concurrently herewith.

14       3. The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an
15  original and one copy of the amended complaint, which must bear the docket number assigned to
16  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will
17  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files
18  an amended complaint stating a cognizable claim the court will proceed with service of process
19  by the United States Marshal.

20  Dated:  April 8, 2008.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE