IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JESSE LEE SHAVERS, JR., | ) | No. 2:07-CV-00123 ODW |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| COUNSELOR YOUNG, | ) | |
| Defendant. | ) | |
| _____ | ) | |

On August 31, 2011, Defendant Young filed a Motion to Dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b). [26]. On September 16, 2011 Plaintiff filed opposition to Young's Motion, [28]. In reviewing Plaintiff's opposition papers, it is difficult to devine a response to the central issue to the motion to dismiss i.e., Plaintiff's alleged failure to exhaust administrative remedies prior to bringing suit in federal court. On page four of the opposition Plaintiff states: "In light of the fact that I tryed (sic) to resolve this matter professionally with Defendant's attorney, it is now clear that the respect for the law from Defendant means that she and others must be brought to justice!" Thereafter, Plaintiff cites nine United States and California Supreme Court decisions and a California Penal Code section dealing with the obligation to turn

over evidence in a criminal matter. There is, however, no discussion as to how those authorities support Plaintiff's argument. To the extent Plaintiff argues that his attempt to "resolve this matter professionally with Defendant's attorney" is the functional equivalent to the administrative appeal process in place through the CDCR, this court is not persuaded.

Plaintiff repeatedly makes reference to an exhibit to his papers which purport to "clearly show that defendant and (sic) co/workers conspires to violate, state an (sic) federal law just to avoid damages." That exhibit is a CDCR memorandum dated December 6, 2006 re: "Informal Appeal Response." The short memorandum, directed to Plaintiff states:

> Please review and answer this appeal, sign, date, and return appeal back to me within ten (10) working days. If you have any questions, please feel free to call me at extension 6418 or 6118, Sunday through Thursday. Thank you for your cooperation.

Aside from the fact that this memorandum falls short of any hint of proof of a conspiracy of any kind, it in fact undercuts Plaintiff's position on the exhaustion issue. It would appear that Plaintiff is at least aware of the internal administrative appeal process. The question which remains unanswered is why that process was not exhausted in this case.

In support of his motion to dismiss, Defendant Young has attached as an exhibit a print out of the administrative appeals plaintiff has filed. The record reflects no fewer than eleven (11) appeals, so it may be presumed that Plaintiff is familiar with the process. However, there appear to be no appeals for the instance of which plaintiff complains herein. It is alleged, and the court finds, that Plaintiff has failed to exhaust his non-judicial remedies, thus rendering his amended complaint susceptible to an unenumerated 12(b) Motion to Dismiss. See *Wyatt v. Terhune* (9th Cir. 2003) 315 F.3d 1108-1119.

Under the Prison Litigation Reform Act, ("PLRA") an inmate with a claim that department decision, action, condition or policy, which in his or her opinion adversely affects his or her welfare is required, within 15 working days of the event or decision which gives rise to the claim, to exhaust his remedies through the California Department of Corrections and Rehabilitation (CDCR) appeals process prior to bringing suit. The requirement is mandatory. (See 42 USC §§ 3084c and 1997e(a).) Having failed to avail himself of the appeal procedures in place at CDCR this court is required to

1 dismiss this action.

2     In addition, because the 15 day time period within which the administrative appeal was to
3 have been filed has long passed, Plaintiff is unable at this late date to meet the administrative
4 exhaustion requirement.  Therefore, this action  is **DISMISSED WITH PREJUDICE.**

7 DATED:     September 20, 2011        _____

8                                                          OTIS D. WRIGHT, II, DISTRICT JUDGE