IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE LEE SHAVERS, JR., | ) | No. 2:07-CV-00123 ODW |
| Plaintiff, | ) | Ninth Circuit No. 11-17696 |
| vs. | ) | |
| | ) | |
| COUNSELOR YOUNG, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER REVOKING IN FORMA PAUPERIS STATUS**

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and in the district court requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On April 8, 2008 that request was granted [ 9] Plaintiff renews that request in connection with his appeal.

Defendants moved to Dismiss on the basis of Plaintiff's failure to exhaust administrative remedies. That motion was granted. Plaintiff did not dispute the fact that he failed to exhaust his remedies administratively. Instead, he asserted that he attempted to "'resolve this matter professionally with Defendant's attorney." (Opp. To Mtn to Dismiss, p. 4). To the extent Plaintiff argued that his attempt to "resolve this matter professionally with Defendant's attorney" was the

1  functional equivalent of an administrative appeal process in place through the CDCR, this court was
2  not persuaded.

4  In support of his motion to dismiss, Defendant Young attached as an exhibit a print out of
5  the administrative appeals plaintiff has filed in the past. The record reflects no fewer than eleven
6  (11) appeals, from which he court drew the conclusion that Plaintiff is familiar with the process.
7  However, there was no record of an appeal for the instant matter of which plaintiff complains herein.
8  The court found that Plaintiff had failed to exhaust his non-judicial remedies, thus rendering his
9  amended complaint susceptible to an unenumerated 12(b) Motion to Dismiss. See *Wyatt v. Terhune*
10 (9th Cir. 2003) 315 F.3d 1108-1119.

12 Under the Prison Litigation Reform Act, ("PLRA") an inmate with a claim that department
13 decision, action, condition or policy, which in his or her opinion adversely affects his or her welfare
14 is required, within 15 working days of the event or decision which gives rise to the claim,  to exhaust
15 his remedies through the California Department of Corrections and Rehabilitation (CDCR) appeals
16 process prior to bringing suit.  The requirement is mandatory. (See 42 USC §§ 3084c and 1997e(a).)
17 Having failed to avail himself of the appeal procedures in place at CDCR this court was required
18 to dismiss this action.

19 The court finds that the present appeal lacks merit and therefore the court revokes Plaintiff's
20 in forma pauperis status**.**

22 DATED:       November 18, 2011         _____
23                                         OTIS D. WRIGHT, II, DISTRICT JUDGE